# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 15-cr-40026-SMY |
| TORENCE D. JONES, | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

On June 25, 2019, the Court revoked Defendant Torence D. Jones' supervised release and sentenced him to 10 month's imprisonment, followed by 36 months of supervised release (Doc. 66). Special Condition # 4 for the new term of supervision requires that Jones reside in a Residential Reentry Center for the first 180 days. This condition was imposed in part due to "… defendant's failure to allow the probation officer to visit him at a reasonable time at his residence, and defendant's failure to show he had a stable residence …" (Doc. Nos. 69-71). Jones began his term of supervised release at the Centerstone Residential Reentry Center ("Centerstone") in Marion, Illinois on April 3, 2020.

Jones has filed an Emergency Motion for Modification of Terms of Supervised Release (Doc. 75) which is now before the Court. He asserts that he is at a heightened risk of contracting COVID-19 at Centerstone due to his history of respiratory illnesses, high blood pressure and obesity, and requests a modification to Special Condition # 4 to allow him to reside with his mother on home detention. The Government opposes the Motion (Doc. 76).

The Court recognizes the unprecedented magnitude of the COVID-19 pandemic. This virus has been identified as a world-wide pandemic, resulting in a declaration of a national emergency by the federal government and state of emergency by the State of Illinois. Nevertheless, Jones' contention that he may be at a heightened risk of contracting COVID-19 is merely speculative. While he correctly states that generally, individuals at residential facilities are at an increased risk of contracting COVID-19 should an outbreak develop, information proffered by the Government indicates that the staff at Centerstone are implementing all reasonable precautionary practices possible to protect residents from exposure to COVID-19. They are closely screening all those who enter the facility for COVID-19 symptoms, residents and staff are completing daily sanitizing throughout the day, and the facility has severely restricted visitors and movement. As of now, there is no evidence of the presence of COVID-19 at the facility.

Moreover, Jones' medical conditions do not present a compelling reason for modification of his supervised release. He is 27 years old and suffered from pneumonia and asthma seven years ago according to his PSR. There is no indication that he is currently taking medication for these conditions. Nor is there any evidence that Centerstone is not currently meeting his medical needs. Accordingly, the Emergency Motion for Modification of Terms of Supervised Release (Doc. 75) is **DENIED.**

    **IT IS SO ORDERED.**

    DATED:  April 14, 2020

    **STACI M. YANDLE**
    **United States District Judge**